IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KASSIDY CRUZAN,<br><br>     Plaintiff,<br><br>v.<br><br>EMKO, INC. and<br>JOHN R. FRANCILLION,<br><br>     Defendants. | CAUSE NO.: |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants EMKO, Inc., ("EMKO") and John R. Francillion ("Francillion") respectfully give notice of the removal of this civil action from the Madison Circuit Court to the United States District Court for the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1443, and 28 U.S.C. § 1446. In support thereof, EMKO and Francillion state as follows:

**A.   Facts and Parties**

1.   On September 1, 2022, Plaintiff Kassidy Cruzan ("Plaintiff"), filed a Summons and Complaint for Damages and Jury Demand ("Complaint") in the Madison Circuit Court, State of Indiana, under cause number 48C06-2209-CT-000109. (*See generally* Ex. A, Compl.)

2.   The Complaint alleges that Plaintiff sustained damages on February 3, 2021, when the vehicle in which she occupied was crushed and dragged over one hundred (100) yards by a trailer being transported by Francillion after Francillion negligently attempted to cross a set of railroad tracks with a train approaching. (*See* Ex. A, Compl., ¶¶ 6, 8, 9, 11.) Plaintiff claims she was trapped for a period of time in the vehicle. (*Id.* at ¶ 10.) Below is a photograph depicting the vehicle Plaintiff was operating, after she had been removed.



3. Plaintiff alleges that Francillion was driving within the course and scope of his employment with EMKO. (*Id.* at ¶ 13.)

4. The Complaint purports to assert claims sounding in negligence against Francillion and EMKO. (*See generally id.*)

5. On September 8, 2022, EMKO was served with Summons and Complaint via certified mail.

5. As required by 28 U.S.C. § 1446(a), EMKO and Francillion have attached to this Notice as Exhibit A "a copy of all process, pleadings, and orders served upon" it. These documents represent every document filed in the state court action.

6. This case is properly removed to this Court under 28 U.S.C. § 1441 because EMKO and Francillion have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is not a citizen of the same state as either of the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**B.** **Diversity of Citizenship is Established.**

2

7. Complete diversity exists, and at all relevant times has existed, between the parties to this action.

8. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. 28 U.S.C. § 1332. At all times relevant herein, Plaintiff was and is domiciled in Madison County, State of Indiana. Plaintiff is therefore a citizen of the State of Indiana for the purposes of diversity jurisdiction.

9. At all relent times here, Francillion was and is domiciled in Broward County, State of Florida. Francillion is therefore a citizen of the State of Florida for purposes of diversity jurisdiction.

10. For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). EMKO is an Illinois Corporation with its principal place of business in Burr Ridge, Illinois. EMKO is therefore a citizen of the State of Illinois for the purposes of diversity jurisdiction.

11. Because both Defendants are citizens of different states than Plaintiff, complete diversity of citizenship exists.

**C.     The Amount in Controversy Requirement is Satisfied.**

12. Based on information and belief, the amount in controversy exceeds $75,000.00. Where, such as here, the complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

13. Under 28 U.S.C. § 1446(c)(2)(B), removal is appropriate if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Dart*

*Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 87-89 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "should be accepted when not contested by the plaintiff or questioned by the Court"). Material provided pre-suit reveals Plaintiff incurred medical expenses in excess of $12,000. Additionally, emotional distress is expected because of the alleged traumatic nature of the incident where the trailer is pushed into the vehicle, coming over top if said vehicle all the while dragging said vehicle and trapping Plaintiff, as depicted in the photograph on page 2.

15. Therefore, the information available to Defendants at this time regarding Plaintiff's alleged injuries establishes a reasonable probability that Plaintiff is alleging damages in excess of $75,000.

16. Accordingly, the amount in controversy is satisfied, rendering this matter properly removable under 28 U.S.C. § 1332 and 1441(b).

    **D.**    <u>**Procedural Requirements for Removal.**</u>

17. A Notice of Removal must be filed within thirty (30) days of, "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter" 28 U.S.C. § 1446(b)(1)

18. This action is properly removed from the state court to this Court under 28 U.S.C. § 1441, because this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this Notice of Removal meets the requirements of 28 U.S.C. § 1446.

19. None of the impediments to removal under 28 U.S.C. § 1445 are present in this action.

20. The United States District Court for the Southern District of Indiana, Indianapolis Division, is the United States District Court and division embracing Madison Circuit Court, State of Indiana, where this action was filed and is pending. Venue is therefore proper in the United States District Court for the Southern District of Indiana, Indianapolis Division, under 28 U.S.C. § 1441(a).

21. EMKO and Francillion are filing this Notice of Removal with this Court within thirty (30) days after receipt of a paper from which it could first ascertain that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

22. More specifically, EMKO, Inc. was served with Plaintiffs' Complaint by certified mail on September 8, 2022, giving it thirty (30) days to seek removal. 28 U.S.C. § 1446(b)(2)(B). Francillion consents to this removal. U.S.C. § 1446(b)(2)(C).

23. Copies of all pleadings, process, and orders served upon EMKO and Francillion in the state court action are attached as Exhibit A, as required by 28 U.S.C. § 1446(a).

25. As required by 28 U.S.C § 1446(d), a copy of this Removal is being contemporaneously served on Plaintiff and is being filed with the Clerk of the Madison Circuit Court.

26. EMKO and Francillion expressly reserve all available defenses.  By removing this action to this Court, EMKO and Francillion do not waive any rights or defenses available under federal or state law. Nothing in this Notice of Removal shall be construed as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, Defendants EMKO, Inc. and John R. Francillion respectfully request that the entire state court action now pending in the Madison Circuit Court, State of Indiana,

under cause number 48C06-2209-CT-000109 be removed to this Court for all further proceedings and that no further proceedings be held in the Madison Circuit Court, State of Indiana.

Dated this 5th day of October, 2022.

Respectfully submitted,

By: */s/ Deborah A. Kapitan*
Deborah A. Kapitan (#16078-45A)
KOPKA PINKUS DOLIN PC
9801 Connecticut Drive
Crown Point, Indiana 46383
*Attorneys for EMKO, Inc. and*
*John R. Francillion*

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS) / Court's CM/ECF system. I further certify that the following persons were served a true and correct copy on the same date via electronic mail:

Christopher D. Wyant
Wyant Law Office, LLC
chris@wyantlawoffice.com

/s/ *Deborah A. Kapitan*